. TAYLOR

*v.*

COMMONWEALTH.

(*Supreme Court of Appeals of Virginia, June 4, 1894.*)

[19 S. E. Rep. 739.]

Criminal Law—Murder—Mental Incapacity of Accused.

A conviction of murder in the first degree will not be set aside on the ground of lack of understanding of accused, although several witnesses spoke of him as hardly up to the average in mental capacity, and one of the witnesses for the defense, who had employed him for four years just previous to the murder, testified that he exercised very good judgment in caring for his own interest, and other witnesses gave similar evidence.

Error to circuit court, Pulaski county ; Saml. W. Williams, Judge.

One Taylor was found guilty of murder in the first degree, and sentenced to be hanged. To a judgment entered on said verdict, he brings error. Affirmed.

*Isaac H. Larew,* for plaintiff in error.

*R. Taylor Scott, Atty. Gen.,* for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Pulaski county affirming a judgment of the county court of that county sentencing the plaintiff in error to be hanged for the murder of his wife, Nancy Taylor, on the 18th July,

1893.   We have given to the record the careful considera-
tion which the character of the case demands, but are unable
to find the slightest ground for reversing the judgment of
which the prisoner complains.   The crime was deliberately
committed, without the least extenuating circumstance.
The principal ground of defense was the lack of understand-
ing on the part of the prisoner ; but this, so far from being
established, is negatived by his own evidence, although sev-
eral of the witnesses speak of him as hardly up to the aver-
age in point of mental capacity.   Not one witness who was
examined in the case gives it as his opinion that he was not
in a condition of understanding to discern right from wrong,
while the contrary abundantly appears.   Thus, one of the
witnesses for the defense, a farmer in the neighborhood, in
whose employ the prisoner was at the time of the murder,
and had been for four years, testified that he was capable
of attending to his own business, and that he exercised very
good judgment in caring for his own interest.   There is
other evidence in the case to the same effect, and the ques-
tion as to his mental capacity or power to discern right
from wrong was clearly, in unexceptionable terms, sub-
mitted to the jury.   We do not see how the jury could have
done otherwise than find as they did, and there was no error
in overruling the motion for a new trial.   There were sev-
eral exceptions taken during the trial to rulings of the court,
but they are so trivial and clearly without merit as not to
require special consideration.   The judgment must there-
fore be affirmed.